COURT OF APPEALS
DECISION
DATED AND FILED

November 26, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2401-CR**

Cir. Ct. No. **2016CF2965**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JONATHAN A. ORTIZ-RODRIGUEZ,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Fitzpatrick, JJ.

¶1 BRASH, P.J. Jonathan A. Ortiz-Rodriguez appeals from his judgment of conviction for one count of first-degree sexual assault of a child under the age of thirteen, to which he pled guilty. He also appeals from an order of the trial court denying his postconviction motion without an evidentiary hearing.

¶2 Ortiz-Rodriguez seeks to withdraw his plea on the ground that it was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance by his trial counsel. Pursuant to the plea agreement, the parties were "free to argue" at sentencing regarding an appropriate sentence; however, Ortiz-Rodriguez asserts that counsel incorrectly informed him that the State was going to recommend an initial confinement term of five to eight years. Instead, the State recommended an initial confinement term of twenty years, which the trial court ultimately imposed.

¶3 The trial court denied Ortiz-Rodriguez's postconviction motion without an evidentiary hearing, finding that he had not alleged sufficient facts in his motion to demonstrate that he was prejudiced by this claimed error. We affirm.

## BACKGROUND

¶4 On June 25, 2016, Ortiz-Rodriguez's biological daughter, M.O., who was born in August 2010, was diagnosed with gonorrhea. Around the same time, Ortiz-Rodriguez was diagnosed with gonorrhea as well. M.O. was interviewed by Milwaukee police, and told them that her "private parts were hurting because her dad did something really bad." She said that her dad had touched and licked her private parts, and that he had "put his private parts inside her private parts about seven times." She further stated that he had told her to "be quiet" and "don't ask mom."

¶5 Ortiz-Rodriguez was charged in July 2016 with repeated sexual assault of a child. Upon conviction, this offense requires a minimum term of initial confinement of twenty-five years. Ortiz-Rodriguez entered into a plea

agreement to an amended charge of one count of sexual assault of a child, which had no mandatory minimum term of initial confinement.

¶6    At the plea hearing on October 6, 2016, the State noted that "both sides are free to argue on this amended plea deal." Counsel for Ortiz-Rodriguez agreed that was correct. Additionally, this information was included in an attachment to the Addendum to Plea Questionnaire, which was signed by Ortiz-Rodriguez.

¶7    At the sentencing hearing on October 25, 2016, the State again noted that the parties were free to argue for an appropriate sentence, and recommended twenty years of initial confinement with twenty years of extended supervision. The State reminded the trial court that the amended charge did not carry a mandatory minimum sentence of twenty-five years of initial confinement, as the original charge had. In contrast, Ortiz-Rodriguez requested a range of five to seven years of initial confinement.

¶8    The trial court noted that it was important for Ortiz-Rodriguez to "understand how horrific and terrible this offense was." It observed that he required "significant assessment and treatment" as a sex offender, and that it needed to impose a sentence that would "protect the community from [him]" because "that treatment is going to be significantly long" based on the aggravating facts of the case. Therefore, the court imposed a sentence of twenty years of initial confinement with ten years of extended supervision.

¶9    Ortiz-Rodriguez filed a postconviction motion in October 2018, seeking withdrawal of his plea. He asserted that his trial counsel was ineffective in that counsel told him that the State had agreed to recommend a sentence of five to eight years of initial confinement. He argued that he would not have entered the

guilty plea but for this error by his trial counsel, and instead would have insisted on going to trial.

¶10     The trial court denied the motion.  It found that Ortiz-Rodriguez had failed to allege any facts to show why he would have rejected the plea offer, which "drastically altered his incarceration exposure, and risked a conviction on a charge … [with] a minimum 25 years of confinement."  Therefore, the court held that he had not demonstrated that he was prejudiced by the alleged error of trial counsel.  This appeal follows.

### DISCUSSION

¶11     On appeal, Ortiz-Rodriguez maintains that the facts he alleged in his postconviction motion were sufficient to entitle him to an evidentiary hearing.  A defendant seeking to withdraw his or her plea after sentencing "must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.'"  *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906 (citation omitted).  The "mere assertion" of manifest injustice, however, "does not entitle a defendant to the granting of relief[.]"  *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433 (citation and one set of quotation marks omitted).

¶12     Indeed, a defendant is not automatically entitled to an evidentiary hearing relating to his or her postconviction motion.  *State v. Bentley*, 201 Wis. 2d 303, 309, 548 N.W.2d 50 (1996).  Rather, the trial court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief."  *Allen*, 274 Wis. 2d 568, ¶14.  This is a question of law that we review *de novo*.  *Id.*, ¶9.

¶13     If, on the other hand, the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court, in its discretion, may either grant or deny a hearing. *Id.* We will uphold such a discretionary decision if the trial court "has examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process." *Bentley*, 201 Wis. 2d at 318.

¶14     Manifest injustice as it relates to plea withdrawal may be demonstrated by proving ineffective assistance of counsel. *State v. Taylor*, 2013 WI 34, ¶49, 347 Wis. 2d 30, 829 N.W.2d 482. To prove ineffective assistance of counsel, a defendant must show that his trial counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant "must prevail on both parts of the test to be afforded relief." *Allen*, 274 Wis. 2d 568, ¶26. We review *de novo* "'the legal questions of whether deficient performance has been established and whether it led to prejudice rising to a level undermining the reliability of the proceeding.'" *State v. Roberson*, 2006 WI 80, ¶24, 292 Wis. 2d 280, 717 N.W.2d 111 (citation omitted). However, "[a] court need not address both components of this inquiry if the defendant does not make a sufficient showing on one." *State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

¶15     A claim of ineffective representation requires that a postconviction evidentiary hearing be held "to preserve the testimony of trial counsel." *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). Still, as noted above, the trial court need not grant an evidentiary hearing if the postconviction motion is insufficient. *Roberson*, 292 Wis. 2d 280, ¶43. To that end, the motion "must include facts that 'allow the reviewing court to meaningfully assess [the

defendant's] claim.'" ***Allen***, 274 Wis. 2d 568, ¶21 (citation omitted; brackets in ***Allen***). In other words, the motion must include a "factual basis" that supports the assertions in the motion. ***Id.***

¶16 In its decision denying Ortiz-Rodriguez's motion, the trial court did not address the deficiency prong of the ***Strickland*** test, assuming for the sake of argument that Ortiz-Rodriguez's trial counsel had told him that "free to argue" meant that the State would make a recommendation of five to eight years of initial confinement. Instead, the court focused on the prejudice prong. *See* ***Strickland***, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

¶17 In its analysis, the trial court noted that Ortiz-Rodriguez's allegations of prejudice "amount[ed] to a single sentence" which stated that he was "prejudiced by counsel's deficient performance because he would not have entered his guilty plea but for counsel's error." The court, quoting ***Bentley***, found this "'bare-bones allegation' that [Ortiz-Rodriguez] would have pled differently" to be "no more than a 'conclusory allegation,'" which is not sufficient to demonstrate prejudice. *See* ***id.***, 201 Wis. 2d at 316 (citation omitted).

¶18 We agree. As noted above, a postconviction motion "must include facts that 'allow the reviewing court to meaningfully assess [the defendant's] claim.'" *See* ***Allen***, 274 Wis. 2d 568, ¶21 (citation omitted; brackets in ***Allen***). As the trial court pointed out, had Ortiz-Rodriguez not entered into the plea agreement, he "would have faced highly incriminating direct and circumstantial evidence," such as the forensic interview of M.O., M.O.'s gonorrhea diagnosis, and the fact that Ortiz-Rodriguez had also been diagnosed around that same time.

Furthermore, M.O.'s mother, Y.H., had given a statement regarding a conversation she had with a prostitute who was at Ortiz-Rodriguez's house: the prostitute had told Y.H. that Ortiz-Rodriguez had asked the prostitute about sexually transmitted diseases; that he had admitted to the prostitute that he had given gonorrhea to his daughter; and that he was seeking a way to explain M.O.'s diagnosis.

¶19 Moreover, the trial court pointed out that the plea agreement favorably altered Ortiz-Rodriguez's incarceration exposure, in that it eliminated a charge that upon conviction would have resulted in a twenty-five year mandatory minimum term of initial confinement. Therefore, the court determined that he had not alleged sufficient facts to entitle him to an evidentiary hearing.

¶20 Ortiz-Rodriguez argues that there are no additional facts to allege, because "[o]f course" he would take the favorable plea offer that he alleges his trial counsel relayed to him, even if he had been determined to go to trial. He further contends that requiring more facts than that would mean that "a motion for plea withdrawal based on misadvice about the plea agreement simply cannot be pled to secure a hearing. Ever." To explain his argument, he notes the holding in **Hill v. Lockhart**, 474 U.S. 52 (1985), where the defendant claimed ineffective assistance of counsel based on his trial counsel's misinformed him regarding his parole eligibility. **Id.** at 53. The United States Supreme Court held that the postconviction motion had failed to allege "special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." **Id.** at 60.

¶21 Ortiz-Rodriguez argues that his postconviction motion satisfies the standard set forth in **Hill**. He infers that he is not required to plead any "special circumstances" in his postconviction motion because his understanding of the plea

agreement—a twelve-to-fifteen-year difference in initial confinement—was so significant that it was obviously his reason for accepting the plea, and no further factual allegations are necessary. In other words, Ortiz-Rodriguez argues that the courts should make assumptions regarding a defendant's reasoning as opposed to requiring specific factual allegations.

¶22 Under this reasoning, in the absence of factual allegations we are apparently to assume that Ortiz-Rodriguez placed a greater emphasis on the State's presumed sentencing recommendation than on the plea agreement itself, which was beneficial to Ortiz-Rodriguez—a reduced charge that required no mandatory minimum term of initial confinement, generally considered a favorable outcome. This argument also requires us to disregard the fact that the trial court, regardless of plea negotiations, is not required to accept the State's sentencing recommendation. *See State v. Williams*, 2002 WI 1, ¶24, 249 Wis. 2d 492, 637 N.W.2d 733 ("A sentencing court is not bound or controlled by any understanding between an accused and the State regarding the sentence[.]"). Based on these considerations—and due to Ortiz-Rodriguez's failure to make any specific factual allegations to show otherwise—we agree with the trial court that Ortiz-Rodriguez has not demonstrated that he was prejudiced by the alleged misadvice of trial counsel.

¶23 Indeed, under the reasoning presented by Ortiz-Rodriguez, the trial court would essentially *always* have to grant evidentiary hearings for postconviction motions seeking plea withdrawal based on ineffective assistance of counsel as long as a defendant makes "a mere conclusory allegation of prejudice to obtain a hearing[.]" *See Bentley*, 201 Wis. 2d at 317. This directly contradicts our supreme court's holding in *Bentley*—to which we are bound—which

recognized that such allowances would frustrate "the fundamental interest in the finality of guilty pleas[.]" *Id.*

¶24 Thus, following our supreme court's directive in **Bentley**, we reject Ortiz-Rodriguez's argument that his postconviction motion contained sufficient facts that would entitle him to an evidentiary hearing. *See Allen*, 274 Wis. 2d 568, ¶21. We therefore affirm the trial court's denial of his postconviction motion without granting a hearing. *See Bentley*, 201 Wis. 2d at 318.

*By the Court.*—Judgment and order affirmed.

Not recommended for publication in the official reports.